IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Steven A. Epping Sr., | C/A No. 9:04-1422-18 |
| Plaintiff, | |
| v. | **ORDER and OPINION** |
| Dr. Estrich,[1] Major Meyers, Sgt. Johnson, Richland County, Officer Garvin, Officer James, Officer Woods, and Officer McBride, | |
| Defendants. | |

This matter is before the court on the magistrate judge's Report and Recommendation ("Report"). This record includes the Report of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B). For the reasons articulated below, the magistrate judge's recommendations are affirmed, and the court grants the remaining defendants' motion for summary judgment.

## I.     BACKGROUND

The court adopts the magistrate judge's thorough recitation of the facts and procedural history, will only briefly elaborate on relevant aspects. Proceeding pro se, plaintiff seeks relief under 42 U.S.C. § 1983 for two alleged incidents while incarcerated at the Alvin S. Glenn Detention Center in Richland County, South Carolina. Plaintiff's first amended complaint alleges that on April 19, 2004, Sgt. Johnson and five other guards forcibly removed plaintiff from his wheelchair, handcuffed him, and slammed him

---

[1] Incorrectly identified in the caption. The true name is Charles Eskridge, M.D.

into a wall, rendering him unconscious. This complaint names Sgt. Johnson, Major Myers, and Dr. Estrich.

On September 3, 2004, plaintiff amended his complaint again to add defendants Richland County, Officer James, Officer Woods, Officer Gavin, and Officer McBride. As to these defendants, plaintiff alleges that on July 27, 2004 at 8:30 am he asked for his wheelchair to be returned; by 11:00 am the wheelchair had not been returned, so plaintiff could not make it to a toilet and had to defecate on himself. Plaintiff seeks damages for $15,000,000.00.

The magistrate judge recommended granting Dr. Eskridge's motion to dismiss and Meyers and Johnson's motion for summary judgment, and denying plaintiff's motion for summary judgment. Both plaintiff and defendants Richland County, James, McBride, Woods and Garvin filed objections. Those same defendants also filed a motion for summary judgment.

## II.     STANDARD OF REVIEW

This court must conduct a de novo review of any portion or portions of the magistrate judge's Report to which an objection is made, and may accept, reject, or modify the recommendations contained therein. 28 U.S.C. § 636(b)(1). However, this court need not review any findings or recommendations to which neither party objects. Thomas v. Arn, 474 U.S. 140, 150 (1985). A party's failure to object constitutes an acceptance of the magistrate judge's findings and recommendations. United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984) (adopting interpretation of 28 U.S.C. § 636 which conditions appeal from district court's judgment on magistrate judge's

recommendation on party's filing of objections with the district court); Thomas, 474 U.S. at 155 (upholding similar procedural rules). A general objection that is not "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute" is inadequate to obtain district court review. Page v. Lee, 337 F.3d 411, 416 n. 3 (4th Cir. 2003) (quoting United States v. 2121 E. 30th Street, 73 F.3d 1057, 1060 (10th Cir. 1996)).

Summary judgment is appropriate when, after considering the full evidentiary record, there are no genuine issues of material fact. Fed. R. Civ. P. 56(c). When the party moving for summary judgment does not bear the ultimate burden of persuasion at trial, the burden for summary judgment may be discharged by "pointing out to the court that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Evidence should be viewed in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, a "mere scintilla" of evidence will not preclude summary judgment. The court's inquiry is "not whether there is literally no evidence, but whether there is any [evidence] upon which a jury could properly . . . find a verdict for the party" resisting summary judgment. Id. at 251.

### III.     PRO SE PETITIONS

Pro se complaints and petitions should be construed liberally by this court. Such pro se complaints and petitions are held to a less stringent standard than those drafted by attorneys. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970 (1978). A federal district court is charged with liberally construing a complaint or

petition filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 390-91 (4th Cir. 1990).

## IV.     ANALYSIS

### a.     Plaintiff's Objections

On June 14, 2005 Plaintiff filed a motion entitled "Motion to Disagree with Dismissal of Dr. Eskridge as a Defendant." Plaintiff's motion reiterates his allegation against Dr. Eskridge and contends the doctor has been terminated from the county "for his incompetence." This motion does not object to any specific finding of the magistrate judge, and is therefore insufficient to obtain review. Even considering the motion, it provides no basis to disturb the Report's analysis. As such, this court grants Dr. Eskridge's motion to dismiss.

Plaintiff does not object to the Report's recommendation that defendants Myers and Johnson's motion for summary judgment be granted. Therefore, that motion is granted.

Plaintiff does not object to the Report's recommendation that his motion for summary judgment be denied. Therefore, that motion is denied.

### b.     Defendants' Objections

Defendants Richland County, James, McBride, Woods and Garvin's objection requested that this court consider their motion for summary judgment. In an August 9,

2005 order this court granted defendants leave to file the motion. Among other claims, the motion contends plaintiff has not exhausted his administrative remedies, as required by 42 U.S.C. § 1997(e). The Prison Litigation Reform Act ("PLRA") states that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a perquisite to suit." Porter v. Nussle, 534 U.S. 516, 524 (2002). PLRA's exhaustion requirement is mandatory. See Booth v. Churner, 532 U.S. 731, 739 (2001).

   Plaintiff's second amended complaint states that a grievance procedure existed at the Detention Center, and that he filed a grievance in "May/June 2004." Plaintiff alleges he "wrote out numerous grievance forms," but that "no action was taken except to abuse me further." The Report concluded that the grievance filed in May/June 2004 concerned the April 19, 2004 incident, but that the record did not reflect that the July 27, 2004 incident was the subject of any grievance. Plaintiff does not allege or suggest he filed a grievance with respect to the July incident. Affidavits filed with defendants' motion suggest plaintiff did not avail himself of the grievance procedures; the grievance records custodian has no evidence of a grievance ever being filed by plaintiff regarding an incident occurring on or about July 27, 2004. (See Bowman Aff.¶ 7.) There is no evidence that plaintiff has satisfied the PLRA's mandatory exhaustion requirement or even attempted to do so. Therefore, this court must grant defendants' motion for

summary judgment.

## V.     CONCLUSION

For the reasons stated above, it is therefore **ORDERED** that defendant Eskridge's motion to dismiss is **GRANTED**; defendants Meyers and Johnson's motion for summary judgment is **GRANTED**; plaintiff's motion for summary judgment is **DENIED**; and defendants Richland County, James, McBride, Woods and Garvin's motion for summary judgment is **GRANTED**.

**AND IT IS SO ORDERED.**

                                                                       _____
                                                                       **DAVID C. NORTON**
                                                                       **UNITED STATES DISTRICT JUDGE**

**September 26, 2005**
**Charleston, South Carolina**